## HALL *v.* NEWCOMB, 7 Hill, 416.

In S Ct. 3 Hill, 234.

### *Promissory Note; Endorser; Guaranty.*

THE judgment in this case was *affirmed,* the Court of Errors holding with the Supreme Court, that the plaintiff was properly non suited in the court below. But as the cases of *Herrick* v. *Carman,* (12 J. R. 159,) and *Tillman* v. *Wheeler,* (17 id. 176,) are *commented* on and *explained,* and that of *Nelson* v. *Dubois,* (13 id. 175,) overruled by it, we have thought proper to call the attention of the reader to the case.

The plaintiff declared against the defendant, in one count as *maker,* and in another as *guarantor* of a promissory note as follows: "New York, April 23d, 1840. On demand, I promise to pay to Samuel Hall or his order two hundred and fifty dollars for value received, with interest, until paid. (Signed.) Peter Farmer." Newcomb endorsed the note in blank, knowing that the maker was to get the money on it from Hall the plaintiff, but no demand was ever made upon the maker for payment of the note. Upon this evidence a non suit was ordered, on the ground that demand and notice were necessary to charge the endorser. The Supreme Court affirmed the decision, and now,

The Court of Errors also affirmed the non suit, on the ground that such an endorsement merely engaged the endorser upon the usual conditions of demand and notice, and that parol evidence was inadmissible to vary the legal effect of his undertaking, and that he could not be made liable to H. as *guarantor* or *maker,* but only as endorser.

☞ The case of *Nelson* v. *Dubois,* overruled, as it seems to be, by this decision of the Court of Errors, was an action upon a promissory note, payable to bearer, and endorsed in blank, in which the Supreme Court held, that the holder may in such a case, or in the case of a note not negotiable, write over the name of the endorser a guaranty or promise to pay the note, so as to take the case out of the statute

7

of frauds; and that this may be done at any time before or at the trial of the cause. (13 J. R. 175.)

In that case, it was also held, that a declaration or a promise, (by parol,) might be supported by a promise in writing, if it comported with the promise stated.